UNITED STATES BANKRUPTCY COURT
District of New Jersey

Albert Russo
Cn 4853
Trenton, NJ  08650-4853
(609) 587-6888
Standing Chapter 13 Trustee

In re:

Samuel K Tompoe
Cecelia Tompoe

Debtor(s)

Order Filed on March 5, 2021
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 18-17695 / CMG

Hearing Date:  03/03/2021

Judge: Christine M. Gravelle

Chapter: 13

# ORDER CONFIRMING MODIFIED CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through four (4) is **ORDERED**.

DATED: March 5, 2021

Honorable Christine M. Gravelle
United States Bankruptcy Judge

The modified plan of the debtor having been proposed to creditors, and a hearing having been held on the confirmation of such modified plan, and it appearing that the applicable provisions of the Bankruptcy Code have been complied with; and for good cause shown, it is

**ORDERED** that the modified plan of the above named debtor, dated 01/28/2021, or the last amended plan of the debtor be and it is hereby confirmed. The Standing Trustee shall make payments in accordance with 11 U.S.C. § 1326 with funds received from the debtor.

**ORDERED** that the plan of the debtor is confirmed to pay the Standing Trustee for a period of 84 months.

**ORDERED** that the debtor shall pay the Standing Trustee, Albert Russo, based upon the following schedule, which payments shall include commission and expenses of the Standing Trustee in accordance with 28 U.S.C. § 586:

>$23,660.00 PAID TO DATE
>
>$160.00 for 50 months beginning 3/1/2021

**ORDERED** that the case is confirmed with a calculated plan funding of $31,660.00. General unsecured creditors are scheduled to receive a pro-rata dividend of funds available.

**ORDERED** that the Standing Trustee shall be authorized to submit, ex-parte, an Amended Confirming Order, if required, subsequent to the passage of the claims bar date(s) provided under Fed. R. Bank. P. 3002.

**ORDERED** that the debtor's attorney be and hereby is allowed a fee pursuant to the filed 2016(b) Statement. Any unpaid balance of the allowed fee shall be paid to said attorney through the Chapter 13 plan by the Standing Trustee.

**ORDERED** that if the debtor should fail to make plan payments or fail to comply with other plan provisions for a period of more than 30 days, the Standing Trustee may file, with the Court and serve upon the Debtor and Debtor's Counsel, a Certification of Non-Receipt of Payment and request that the debtor's case be dismissed. The debtor shall have fourteen (14) days within which to file with the Court and serve upon the Trustee a written objection to such Certification.

**ORDERED** that to the extent Section 7 of the debtor's plan contains motions to avoid judicial liens under 11 U.S.C. § 522(f) and/or to avoid liens and reclassify claims in whole or in part, such motions are hereby granted, except as specified below:

NO EXCEPTIONS

**ORDERED** that upon completion of the plan, affected secured creditors shall take all steps necessary to remove of record any lien or portion of any lien discharged.

**ORDERED** that the Standing Trustee is authorized to pay post-petition claims filed pursuant to 11 U.S.C. § 1305(a), in the amount filed by the post-petition claimant.

**ORDERED** that student loans are to be paid outside of the Chapter 13 Plan.

**ORDERED** that if the debtor has provided for a creditor to be paid in the plan and no Proof of Claim is filed by such creditor before expiration of the applicable bar date, the debtor, pursuant to F.R.B.P. 3004, must file a Proof of Claim on behalf of the creditor within 30 days of the expiration of the applicable bar date. If the time period pursuant to F.R.B.P. 3004 has expired, the debtor must file a Proof of Claim on behalf of the creditor **and** file a motion to allow the Trustee to pay the late filed claim, or the debtor may obtain a Consent Order with the creditor authorizing the Trustee to pay an amount certain in the plan.

**ORDERED** as follows:

The plan length is extended to a total of 84 months pursuant to the Cares Act.

Part 8(d) of the Chapter 13 Plan is amended to allow payment of post-petition claims.

Part 4(a) of the Chapter 13 Plan is stricken as to $2,481.89 in post-petition arrears to Santander Bank, NA, PACER Claim #13-1; said arrears captured into recent forbearance.

Santander Consumer USA Inc. dba Chrysler Capital, PACER Claim #4-1, shall be paid a cram amount of $6,865.16 pursuant to the original Confirmation.

United States Bankruptcy Court
District of New Jersey

In re:  Case No. 18-17695-CMG
Samuel K Tompoe  Chapter 13
Cecelia Tompoe
    Debtors

# CERTIFICATE OF NOTICE

District/off: 0312-3  User: admin  Page 1 of 2
Date Rcvd: Mar 05, 2021  Form ID: pdf903  Total Noticed: 1

The following symbols are used throughout this certificate:
**Symbol**  **Definition**
+  Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Mar 07, 2021:**

**Recip ID**  **Recipient Name and Address**
db/jdb  + Samuel K Tompoe, Cecelia Tompoe, 66 Pennwood Drive, Trenton, NJ 08638-4716

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 07, 2021  Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on March 5, 2021 at the address(es) listed below:

**Name**  **Email Address**
Albert Russo
    docs@russotrustee.com

Albert Russo
    on behalf of Trustee Albert Russo docs@russotrustee.com

Andrew L. Spivack
    on behalf of Creditor SANTANDER BANK  N.A. andrew.spivack@brockandscott.com, wbecf@brockandscott.com

Candyce Ilene Smith-Sklar
    on behalf of Joint Debtor Cecelia Tompoe mail@njpalaw.com  r56958@notify.bestcase.com

Candyce Ilene Smith-Sklar
    on behalf of Debtor Samuel K Tompoe mail@njpalaw.com  r56958@notify.bestcase.com

Craig Scott Keiser

| District/off: 0312-3 | User: admin | Page 2 of 2 |
|---|---|---|
| Date Rcvd: Mar 05, 2021 | Form ID: pdf903 | Total Noticed: 1 |

on behalf of Creditor SANTANDER BANK  N.A. craig.keiser@law.njoag.gov

Denise E. Carlon

on behalf of Creditor MIDFIRST BANK dcarlon@kmllawgroup.com  bkgroup@kmllawgroup.com

Kevin Gordon McDonald

on behalf of Creditor MIDFIRST BANK kmcdonald@kmllawgroup.com  bkgroup@kmllawgroup.com

Nicholas V. Rogers

on behalf of Creditor SANTANDER BANK  N.A. FKA SOVEREIGN BANK, N.A. FKA SOVEREIGN BANK nj.bkecf@fedphe.com

Nicholas V. Rogers

on behalf of Creditor SANTANDER BANK  N.A. nj.bkecf@fedphe.com

U.S. Trustee

USTPRegion03.NE.ECF@usdoj.gov

TOTAL: 11